MARVIN, Judge.
In this redhibition action, the purchasers of a home appeal a judgment rejecting their demands against the seller for a reduction in price because of defective central heating and air conditioning.
This defect would be usually categorized as a latent one, which would give rise to redhibition, and the sale of this residence “as is” would not relieve the vendor of his implied warranty of fitness or of his express warranty made in an agreement to purchase “that all heating/air conditioning . included in the sale are to be in working order at the time of the sale.” CC 2476, 2520, 2521, 2541. See Bermes v. Facell, 328 So.2d 722 (La.App. 1st Cir. 1976); Daly v. Abramson, 117 So.2d 772 (La.App. 2d Cir. 1959); Meyer v. Mack Motor Trucks, Inc., 141 So.2d 427 (La.App. 4th Cir. 1962), writs denied.
Here, however, the central unit in the home was irreparably defective and the home had been heated and cooled by two window units (heat pumps) for more than six years before these purchasers bought the home in 1978. When this seller bought the home in 1972 and when she sold the home in 1978, the window units were operable and the central unit was not. When the seller listed the home for sale, she told a realtor, who was not the selling agent, of this circumstance. The seller’s attorney-in-fact, who signed the deed, testified that he told these purchasers of this circumstance when the sale occurred.
After the purchasers moved furniture into the home and three of four days before the actual purchase, they discovered that the wall thermostat would not turn on the central unit. They visually examined the central unit and attempted to start it by installing new fuses. Other testimony established that the central unit then was obviously dilapidated and inoperable (dusty, rusty, wires disconnected, panels removed, and return air vent disconnected). The trial court resolved credibility issues against the purchaser.
The purchasers do not complain that the window units are defective. The purchasers knew the central unit was inoperable before the sale even though they may not have known that it was irreparable.
Under these circumstances, the implied warranty of fitness of the home for residential purposes and the express warranty have not been breached. The home is not affected by a redhibitory vice. We find no clear error, and at appellants’ cost,
AFFIRM.